# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:13-CR-511(04)-SS |
| | § | |
| (4) JOSEPH JAMES GOVEA, | § | |
| Defendant | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE SAM SPARKS**
   **UNITED STATES DISTRICT JUDGE**

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is the petition of the United States Probation Office ("Probation Office") recommending the Court revoke Defendant's term of supervised release.

## PROCEDURAL BACKGROUND

Defendant was found guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). On March 14, 2017, Defendant was sentenced to 70 months' imprisonment, followed by three years of supervised release. Defendant's term of imprisonment subsequently was reduced to 57 months. His supervision began on April 27, 2018.

On December 20, 2019, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"). The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be revoked. Thereafter, the undersigned authorized the issuance of a warrant.

1

On January 9, 2020, Defendant was arrested, and he has remained in the custody of the United States Marshals Service since the date of his arrest.

The Petition alleges that Defendant violated the following conditions of release:

> **Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state or local crime."
>
> **Violation of Standard Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."
>
> **Violation of Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay."

On January 22, 2020, the undersigned conducted a hearing on this matter Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), at which Defendant, his attorney, and an attorney for the United States Government appeared. On the same date, Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Before the hearing, Defendant waived his right to a preliminary hearing. Defendant pled "True" to the violations of Standard Condition No. 7 and the Special Condition alleged in the Petition, and "Not True" to the alleged violations of Mandatory Condition No. 1.

# **FINDINGS OF THE COURT**

1. Defendant violated Mandatory Condition No. 1, Standard Condition No. 7, and the Special Condition of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant waived his right to a preliminary hearing.

4. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5. Defendant had both a factual and rational understanding of the proceedings against him.

6. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

7. Defendant was sane and mentally competent at the time of these proceedings.

8. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11. The Government, without objection from Defendant, gave a summary of the evidence against Defendant.

12. Defendant freely, intelligently, and voluntarily pled "True" to the violations of Standard Condition No. 7 and the Special Condition alleged in the Petition.

13. The Court finds that Defendant violated Mandatory Condition No. 1, Standard Condition No. 7, and the Special Condition of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

    a.    the nature and circumstances of the offense, § 3553 (a)(1);
    b.    the history and characteristics of Defendant, (a)(1);
    c.    the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d.    the need to protect the public, (a)(2)(C);
    e.    the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
    f.    the kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
    g.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
    h.    the need to provide restitution to any victims of the offense, (a)(7).

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties, and has taken judicial notice of the original pre-sentence report, as well as the Petition, the Adjustment Summary, and the Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category is IV, resulting in an (advisory) guideline range of 12 to 18 months of imprisonment.

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

In light of the factors set forth above, the Magistrate Court recommends that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that Defendant be **incarcerated for EIGHTEEN (18) months**. The Magistrate Court also recommends that the District Court recommend to the Bureau of Prisons that Defendant be placed at FCI Bastrop for family visitation reasons. Finally, the Magistrate Court further recommends that the District Court **not impose supervised release** after Defendant's term of incarceration is served.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 22, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5